MICHAEL J. ROESSNER (DC Bar# 501875)
Email: Roessnerm@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5631
Washington, D.C. 20549
Telephone: (202) 551-4347
Facsimile: (703) 813-9366

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-cv-2744 |
| v. | ) ) | |
| BRANDON E. COPELAND, | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT TO REQUIRE BRANDON E. COPELAND TO COMPLY WITH A SECURITIES AND EXCHANGE COMMISSION ORDER

The Plaintiff Securities and Exchange Commission (the "Commission") respectfully applies to the Court for a judgment pursuant to Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d) and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), enforcing compliance by the Defendant Brandon E. Copeland ("Copeland") with a final Commission Order entered against him on July 17, 2019 (the "Commission Order"), directing Copeland to pay a civil money penalty of $25,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief within fourteen (14) days from the date of the Commission Order.

In support, the Commission states as follows:

## INTRODUCTION

1.     The Commission found, based on his offer of settlement, that Copeland had violated Sections 206(1) and 206(2) of the Advisers Act, which makes it unlawful for any investment adviser, by use of the means of interstate commerce, directly or indirectly, to (1) "employ any devise, scheme, or artifice to defraud any client or prospective client" or (2) "engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client."  A copy of the Commission Order is attached as Exhibit 1.

2.     Copeland also willfully violated Section 206(4) of the Advisers Act and Rules 206(4)-8 thereunder, which make it unlawful for any investment adviser to a pooled investment vehicle to "[m]ake any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle" or "engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle."

3.     Copeland also willfully violated Section 207 of the Advisers Act, which makes it "unlawful for any person willfully to make any untrue statement of a material fact in any registration application or report filed with the Commission ... or willfully to omit to state in any such application or report any material fact which is required to be stated therein."

4.     Copeland also aided and abetted Salus, LP's ("Salus") violation of Section 203A of the Advisers Act, which generally prohibits an investment adviser that is regulated or required to be  regulated in the State in which it maintains its principal office and place of business from

registering with the Commission unless it has assets under management of not less than $25 million, or such higher amount as the Commission may, by rule, deem appropriate, or is an adviser to an investment company registered under the Investment Company Act.

5.     The Commission seeks by this action to compel Copeland to comply with the Commission Order.

## PARTIES

6.     The Commission is an agency of the United States Government.    The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

7.     Brandon E. Copeland, age 36, is a resident of Painesville, Ohio.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction under Section 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act.

9.     Venue lies in the Northern District of Ohio under Section 214(a) of the Advisers Act and Section 44 of the Investment Company Act.  Defendant is "found" or is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

10.    The Commission Order arose from false and misleading statements made on FORM ADV filings.[1]

11.    From at least November 2017 through January 2019 (the "Relevant Period"), Salus and its two general partners, Brandon E. Copeland and Gregory M. Prusa ("Prusa"), made false or misleading statements in Form ADV filings for Salus and, along with S.A.I.C., Limited ("SAIC"), the general partner for the Salus hedge fund (the "Fund"), in the Confidential Offering

---

[1] Form ADV is the uniform form used by investment advisers to register with both the Securities and Exchange Commission (SEC) and state securities authorities.

Memorandum for the Fund regarding: (i) Salus's assets under management, number of clients, asset allocation, and eligibility for registration as an investment adviser with the Commission; (ii) the Fund's investment strategy and the expertise and experience of SAIC and Copeland; and (iii) the hiring of a specific accountant, legal counsel, prime broker, and custodian for the Fund.  In fact, Salus has never had any assets under management or clients, Salus was never eligible to register with the Commission as an investment adviser, none of the individuals or entities involved had any relevant experience, and the Fund never operated in the manner described in its offering documents.

12.     Based on the foregoing, Copeland violated Sections 206(1), 206(2) and 207 of the Advisers Act, and Rules 206(4)-8 thereunder, and Copeland also aided and abetted Salus's violation of Section 203A of the Advisers Act.

13.     As set forth in the Commission Order, entered with Copeland's consent, the Commission imposed certain remedial sanctions and a cease-and-desist order.  The Commission Order required Copeland to pay a civil money penalty of $25,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief within fourteen (14) days from the date of the Commission Order, and also included injunctive relief.

14.     The Commission's injunctive relief consisted of the following:  ordering Copeland to cease and desist from committing or causing any violations and any future violations of Sections 203A, 206(1), 206(2) , and 206(4) and Section 207 of the Advisers Act, and Rules 206(4)-8 thereunder; and barring Copeland from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and prohibiting Copeland from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor or, or

principal underwriter for, a registered investment company or affiliated person of such investment adviser, or depositor, or principal underwriter.

15.     Copeland did not seek review of the Commission Order, and his time to do so has expired.

16.     Copeland has not made any payment on the Commission Order, which remains due and owning with additional interest.

## CLAIM FOR RELIEF

17.      Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), provides, in part:

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of ... any ... order hereunder, ... it may in its discretion bring an action in the proper district court of the United States, ... to enforce compliance with ... any ... order hereunder.

18.     The Commission may bring such a proceeding to compel compliance with an order it has entered. *Fiero v. FinanczalIndustry KegulatoryAuthority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011); *SEC v. Vittor*, 323 F.3d 930, 935 (11tht Cir. 2003), *citing Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

19.     In such proceedings, Copeland may not challenge the validity of the order the Commission seeks to enforce.  *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)( 1) [an analogous provision relating to the Exchange Act] application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003).

WHEREFORE, the Commission respectfully requests that the Court enter a judgment:

I.

Enforcing the Commission Order as to Copeland.

II.

Entering a Judgment requiring:

a. Copeland to pay a civil money penalty of $25,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, within fourteen (14) days from the date of the Commission Order; and

b. the Injunctive Relief set forth in the Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated:  November 21, 2019

BY:         s/MICHAEL J. ROESSNER
              MICHAEL J. ROESSNER (DC Bar No. 501875)
              Assistant Chief Litigation Counsel
              Division of Enforcement
              United States Securities and Exchange Commission
              100 F Street, NE
              Mail Stop 5631
              Washington, DC 20549-0022
              RoessnerM@SEC.gov
              Telephone:    202.551.4347
              Facsimile:     703.813.9366
              Attorney for Plaintiff/Judgment Creditor
              United States Securities and Exchange Commission